COLEMAN HARDWARE Co. *et al. v.* KELLOGG *et al.*

(*Circuit Court, N. D. Illinois.* May 27, 1889.)

PATENTS—SASH-BALANCE—INFRINGEMENT.
   The patent granted September 18, 1883, to Warren Shumard for a "sash-balance," which has a brake so arranged as to be adjustable from the outside, the brake being an ordinary brake-shoe bearing on the periphery of the drum, with the pressure secured by a spring, is infringed by the use of a band-brake, bearing on the periphery of the drum, and adjustable from the outside; band-brakes having been well-known equivalents for spring-brakes at the time of the issue of the Shumard patent.

   In Equity.   On motion for injunction.
   Bill to restrain infringement of a patent by the Coleman Hardware Company and others against Kellogg, Johnson & Bliss, impleaded with the Pullman Sash-Balance Company.
   *Banning & Banning & Payson,* for complainants.
   *George P. Barton,* for defendants.

   BLODGETT, J.   This is a motion for an injunction to restrain the infringement by defendants of a patent granted September 18, 1883, to Warren Shumard, for a sash-balance.   The device covered by this patent is what is known as a "spring-balance" for a window-sash, instead of the ordinary pulley balance.   The proof now before me shows that this class of devices is not new, one of the patents cited having been issued in 1856; but the feature in the complainants' patent, which seems to me to be new and meritorious, is the brake so arranged that it is adjustable from the outside.   Defendants' patent also shows a brake adjustable from the outside, and differing only from the complainants' in the fact that it is what is known as a "band-brake," bearing upon the periphery of the drum, while complainants' brake is the ordinary brake-shoe, bearing upon the periphery of the drum, and the pressure secured by a spring. There is no essential difference in the function of the two brakes, but the band-brake was a well-known equivalent for a spring-brake like the complainants' at the time complainants' patent was issued.   I think, therefore, as at present advised from the proof before me, that the difference, so far as the brake is concerned, between complainants' and defendants' device is merely colorable, and that defendants infringe upon this feature of complainants' patent, and possibly upon other features.   An injunction will therefore be ordered according to the prayer of the bill.